# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| RICHARD DEAN LEAR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 11-cv-4027 |

## O P I N I O N  &  O R D E R

Before the Court is the United States of America's Motion to Dismiss Richard Lear's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (RII.3).[1] For the following reasons, Respondent's Motion is GRANTED and the Petition is DISMISSED WITH PREJUDICE.

### PROCEDURAL HISTORY

On December 18, 2002, Lear was charged by Superseding Indictment with Conspiracy to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. § 846, (Count 1); Endangering Human Life while Transporting Chemicals to Manufacture a Controlled Substance, in violation of 21 U.S.C. § 858 (Count 2); Use of a Short-Barreled Shotgun in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C.. § 924(c)(1)(B)(i) (Count 3); Possession of an Unregistered

---

[1] References to documents in the record of Case No. 02-cr-40221 are to "RI_"; references to documents in the record of Case No. 11-cv-4027 are to "RII_".

Firearm, in violation of 26 U.S.C. § 5861(d) (Count 4); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 5). (RI.15).

On January 14, 2003, the government filed a Notice of Intent to Rely Upon Prior Felony Drug Conviction for Sentencing Enhancement, citing Lear's prior conviction, which would trigger a mandatory minimum sentence upon conviction of 20 years of imprisonment. (RI.17).

On April 4, 2003 a written plea agreement was filed, wherein Lear agreed to plead guilty to Counts 1 and 3 of the Superseding Indictment.[2] (RI.21). The government agreed to dismiss, at sentencing, Counts 2,4 and 5 of the Indictment.

Lear was sentenced on July 11, 2003 to 240 months of imprisonment on Count 1 and 120 months of imprisonment on Count 3, with the terms to run consecutively. He was also sentenced to 10 years of supervised release, and ordered to pay a $2,500 fine and a $200 special assessment. (RI. d/e 7/11/03). The written Judgment was filed on July 21, 2003. (RI.30). No direct appeal was filed.

Almost eight years later, on April 4, 2011, Lear filed a Motion to Vacate, Set Aside or Correct Sentence. (RII.1). He makes four claims in this motion: 1) he was denied effective assistance of counsel during district court proceedings; 2) he is legally innocent of the § 924(c)(1) firearm indictment; 3) the indictment contained duplicitous or multiple counts; and 4) this Court lacked jurisdiction because the indictment was procedurally defective. On June 7, 2011 the government filed a

---

[2] In addition, as a condition of his plea agreement, Lear waived the right to file a collateral attack, including a motion under 28 U.S.C. § 2255, to his conviction and sentence. (RI.21).

Motion to Dismiss Lear's Petition as untimely under 28 U.S.C. § 2255(f). (RII.3). On August 4, 2011, Petitioner filed his timely Response. (RII.5).

**DISCUSSION**

28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. Absent (i) an unconstitutional governmental impediment to filing, (ii) a newly recognized or retroactively applicable constitutional right, or (iii) a subsequently discovered factual predicate for the claims for relief, the applicable limitations period begins on the date the challenged judgment becomes final. 28 U.S.C. § 2255(f)(1)-(4). Lear does not claim that (i)-(ii) applies to this case; however Lear does claim that his Petition is timely under (iii). Unfortunately for Lear, he fails to explain why this is so.

Federal Rule of Civil Procedure 8(a)(2) as interpreted by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) requires the pleading of sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Iqbal* at 1950. The only factual matter pled by Petitioner is the conclusory statement that "This Motion . . . is timely filed pursuant to 28 U.S.C. § 2255(f)(4)." (RII.1 at 3). Unfortunately, this conclusory allegation does not suffice. As stated in *Iqbal*, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Iqbal* at 1950-1951. Consequently, in the absence of any reasonable basis to find that the motion was timely filed due

3

to subsequently discovered facts, the Court concludes that Lear's Petition does not qualify as timely under (iii), *supra*.

In light of the foregoing, the Court concludes that the applicable period of limitations in this case is one year from the date the judgment became final. This Court sentenced Lear on July 11, 2003 and entered the written judgment on Lear's conviction on July 21, 2003. Since Lear did not appeal his conviction, his judgment became final ten business days thereafter, when he could no longer seek appellate review. FED. R. APP. PROC. 4(b)(1)(A).[3] Lear's Petition was not filed until April 1, 2011, almost seven years after his period of limitations expired. (RII.1). Consequently, Lear's Petition is time barred unless he is able to establish an entitlement to equitable tolling. *Robinson v. U.S.*, 416 F.3d 645 (7th Cir. 2005).

Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006) quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Before equitable tolling can apply, Lear must show that first, extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his Petition and, second, that he has diligently pursued his claim, despite any obstacles. *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Equitable tolling is an "extraordinary remedy reserved for truly exceptional situations." *Nolan v. United States*, 358 F.3d 480, 483 (7th Cir. 2004); *Modrowski v.*

---

[3] This period was extended to 14 days, effective December 1, 2009, by U.S. Order 09-15.

*Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (Noting that the court "ha[s] yet to identify a circumstance that justifies equitable tolling in the collateral relief context."); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (equitable tolling rarely granted).

Here, the only reason Lear offers for his untimely filing is that he only recently received legal advice concerning his claims. (RII.1-1 at 4). Such argument is analogous to Lear alleging that his lack of legal knowledge caused him to be delinquent. Unfortunately for Petitioner, it is well-established that a lack of legal knowledge is not sufficient to merit equitable tolling. *See, e.g., Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (lack of legal expertise is not a basis for equitable tolling); *Marcello*, 212 F.3d at 1010 (equitable tolling not warranted by unclear law); *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by, inter alia, lack of legal knowledge), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).

Lear also provides no evidence that he has diligently pursued his claim, despite any obstacles. *Pace*, 544 U.S. at 418 (petitioner must diligently pursue claim to be entitled to equitable tolling). Consequently, Lear is not entitled to equitable tolling for this reason as well.

For the foregoing reasons, the Court concludes that Lear's Petition is untimely and that he is not entitled to equitable tolling. Consequently, Respondent's Motion to Dismiss must be GRANTED.

## CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his section 2255 case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a petition on procedural grounds, such as untimeliness, a petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. PROC. 22(b)(1).

Based upon the record before it, the Court cannot find reasonable jurists would debate that Petitioner's claim is time-barred pursuant to 28 U.S.C. § 2255(f). Nor does the Court find Petitioner's entitlement to equitable tolling to be debatable.

The law is clear that a lack of legal knowledge is not sufficient to entitle Petitioner to equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Finally, there is nothing in the record to indicate that Petitioner has been diligently pursuing his claim for the past seven years, which is another requirement to qualify for equitable tolling. *Pace*, 544 U.S. at 418. Accordingly, a certificate of appealability is DENIED.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (RII.3) is GRANTED, and a certificate of appealability is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 12th day of August, 2011.

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                        United States Senior District Judge